IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-02056-RPM

EUGENE MAXWELL,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois corporation,

        Defendant.

---

ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL

---

      Eugene Maxwell was injured while riding as a passenger in an automobile operated by Tracy Douglass on July 13, 2001.  The defendant, State Farm Mutual Automobile Insurance Company, insured the vehicle of Mr. Douglass under a policy which contained the statutory minimum-required PIP limits.  Mr. Maxwell received wage loss, medical and rehabilitation benefits under the policy up to the limits and brought this action claiming enhanced PIP benefits under C.R.S. § 10-4-710, claiming that the defendant had failed to offer such benefits to Mr. Douglass as required by the Colorado statute.  Mr. Maxwell seeks reformation of the Douglass insurance policy to provide the plaintiff with PIP benefits without dollar or time limitation.

      The defendant moved for summary judgment of dismissal on the bar of the 3-year statute of limitations, C.R.S. § 13-10-101(1)(j), claiming that the claim for

reformation accrued no later than the date on which State Farm stopped paying benefits. That date was March 18, 2002, for the medical benefits and July 14, 2002, for wage loss benefits. This civil action was filed on September 14, 2005. The plaintiff does not dispute that the payments were stopped on the dates indicated but asserts that the claim did not accrue before his counsel received a response to an inquiry on October 30, 2002, in which State Farm denied any obligation for enhanced benefits because the insurance agent had the practice of orally offering such benefits.

The dispute is over the date of accrual of the claim for reformation. Mr. Maxwell was represented by his present attorney, beginning on October 8, 2001. Plaintiff's counsel made the inquiry about possible enhanced PIP coverage on September 23, 2002. Both the plaintiff and his lawyer were well aware that no benefits were paid after the last wage loss benefit payment on July 14, 2002. The claim for reformation arose on that date and, accordingly, it is now time-barred. The other claims for relief are all dependant upon reformation of the policy and therefore are to be dismissed. It is therefore

ORDERED that this civil action is dismissed as time-barred.

DATED: January 3, 2006

                                          BY THE COURT:

                                          s/Richard P. Matsch
                                          _____
                                          Richard P. Matsch, Senior District Judge